UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, <br><br> Plaintiff, <br><br> v. <br><br> CBS CORPORATION, TDY INDUSTRIES, LLC; and THE TIMKEN COMPANY, <br><br> Defendants. | CIVIL ACTION NO. <br><br> (Electronically filed) |

## COMPLAINT

AND NOW comes Plaintiff, Commonwealth of Pennsylvania, Department of Environmental Protection ("Department"), and alleges as follows:

## STATEMENT OF THE CASE

1. This is a civil action for the recovery from the Defendants of response costs and applicable interest incurred by the Department in responding to the release or threatened release of hazardous substances at or from the former Everglade Iron and Steel Company Site, located in Hempfield Township, Westmoreland County, Pennsylvania ("Site"). The Department brings this action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, *as amended*, 42 U.S.C. §§ 9601-9675, ("CERCLA"), 42 U.S.C. § 9607(a), and environmental laws of the Commonwealth of Pennsylvania, including the Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101–6020.1305; the Solid Waste Management Act ("SWMA"), 35 P.S. §§ 6018.101–6018.1003; the Clean Streams Law ("CSL"),

35 P.S. §§ 691.1–691.1001; and Section 1917-A of the Administrative Code of 1929, 71 P.S. § 510-17.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 107 and 9613(b), and 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Department's claims arising under Pennsylvania state law.

3. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the release or threatened release of hazardous substances that gives rise to the Department's claims has occurred in this judicial district.

## PARTIES

4. The Department is the executive agency of the Commonwealth of Pennsylvania with the duty and authority to administer and enforce CERCLA and the environmental laws of the Commonwealth of Pennsylvania, including but not limited to HSCA, the SWMA and the CSL.

5. CBS Corporation ("CBS") is a Delaware corporation with a registered business address at 51 West 52nd Street, New York, New York 10019.

6. TDY Industries, LLC ("TDY") is a California limited liability company with a registered business address at 1000 Six PPG Place, Pittsburgh, Pennsylvania 15222.

7. The Timken Company ("Timken") is an Ohio corporation with a registered business address at 1835 Dueber Avenue S.W., P.O. Box 6928, Canton, Ohio 44706.

**BACKGROUND**

8. The Site is a 16-acre parcel located in Hempfield Township, Westmoreland County, Pennsylvania. The Site is the location of the former Everglade Iron and Steel Company.

9. Beginning in the late 1940s and continuing through 1970, the Site was used as a layover point, or transfer station, for various scrap. Site operations involved the collection of ferrous, nonferrous and alloy scrap from different facilities, for disposal or treatment or for transfer elsewhere for reuse and/or recycling.

10. The Department investigated the Site and found there a release and threatened release of hazardous substances, including lead, cadmium, chromium, arsenic and polychlorinated biphenyls ("PCBs").

11. The Department has conducted response actions at the Site to remediate the release and threatened release of hazardous substances, including cleanup of known PCBs-contaminated soil.

12. The Department has incurred response costs in excess of $2.3 million as the result of its investigation and remediation of the release and threatened release of hazardous substances at the Site.

**FIRST CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTION 107(a) of CERCLA**

13. The averments of Paragraphs 1 through 12 are incorporated by reference as if set forth at length herein.

14. Defendants are "persons" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15. The Site is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise come to be located, and thus is a "facility" as that term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

16. There has been a "release or threatened release" of "hazardous substances" at or from the Site, as those terms are defined in Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

17. By contract, agreement or otherwise, Defendants, or their predecessors-in-interest, arranged for disposal or treatment at the Site of hazardous substances they owned or possessed, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

18. As a result of the release or threatened release of hazardous substances at the Site, the Department has incurred and will continue to incur "response costs" as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a), for actions taken in response to the release and threatened release of hazardous substances at the Site.

19. The response costs incurred by the Department in connection with the Site were reasonable and necessary and were incurred in a manner not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, *as amended*.

20. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are strictly and jointly and severally liable to the Department for response costs incurred at the Site, together with applicable interest.

**SECOND CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTIONS 507(a), 507(b), 701 AND 702 OF HSCA**

21. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference.

22. The Defendants are "persons" as that term is defined in Section 103 of HSCA, 35 P.S. § 6020.103.

23. As an area where hazardous substances have been released or threaten release, the Site is a "site" as that term is defined in Section 103 of HSCA, 35 P.S. § 6020.103, and as that term is used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

24. There has been a "release or threatened release" of "hazardous substances" at or from the Site, as those terms are defined in Section 103 of HSCA, 35 P.S. § 6020.103, and as those terms are used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

25. By contract, agreement or otherwise, Defendants, or their predecessors-in-interest, arranged for disposal or treatment at the Site of hazardous substances they owned or possessed, within the meaning of Section 701(a)(2) of HSCA, 35 P.S. § 6020.701(a)(2).

26. As a result of the release or threatened release of hazardous substances at the Site, the Department has incurred and will continue to incur "response costs" for actions taken in response to the release and threatened release of hazardous substances at the Site as defined in Section 103 of HSCA, 35 P.S. § 6020.103 and as that term is used in Sections 701 and 702 of HSCA, 35 P.S. §§ 6020.701 and 6020.702.

27. The response costs incurred by the Department in connection with the Site were reasonable and necessary.

28. Pursuant to Sections 507(a), 507(b), 701 and 702 of HSCA, 35 P.S. §§ 6020.507(a), 6020.507(b), 6020.701 and 6020.702, Defendants are strictly and jointly and severally liable to the Department for response costs incurred at the Site, together with applicable interest.

**THIRD CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTIONS 507(A), 1101 AND 1108 OF HSCA**

29. The allegations of Paragraphs 1 through 28 above are incorporated herein by reference.

30. Pursuant to Section 1101 of HSCA, 35 P.S. § 6020.1101, the release of hazardous substances at the Site resulted in a public nuisance.

31. Defendants, or their predecessors-in-interest, caused this public nuisance.

32. Pursuant to Sections 507(a), 1101 and 1108 of HSCA, 35 P.S. §§ 6020.507(a), 6020.1101 and 6020.1108, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

**FOURTH CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTIONS 601, 610 AND 613 OF THE SWMA**

33. The allegations of Paragraphs 1 through 32 above are incorporated herein by reference.

34. Pursuant to Sections 601, 610 and 613 of the SWMA, 35 P.S. §§ 6018.601, 6018.610 and 6018.613, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

**FIFTH CLAIM FOR RELIEF:**
**RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST**
**PURSUANT TO SECTIONS 3, 401, 503 AND 601 OFTHE CSL**

35. The allegations of Paragraphs 1 through 34 above are incorporated herein by reference.

36.     Pursuant to Sections 3, 401, 503 and 601 of the CSL, 35 P.S. §§ 691.3, 691.401, 691.503 and 691.601, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

### SIXTH CLAIM FOR RELIEF:
### RECOVERY OF RESPONSE COSTS AND APPLICABLE INTEREST
### PURSUANT TO SECTION 1917-A OF THE ADMINISTRATIVE CODE

37.     The allegations of Paragraphs 1 through 36 above are incorporated herein by reference.

38.     Pursuant to Section 1917-A of the Administrative Code, 71 P.S. § 510-17, Defendants are liable for the Department's costs to abate the public nuisance at the Site, together with applicable interest.

## PRAYER FOR RELIEF

WHEREFORE, the Department prays that this Court:

(a) Enter judgment against the Defendants, jointly and severally, in favor of the Department, for all response and nuisance abatement costs incurred by the Department at the Site, together with applicable interest.

(b) Award to the Department its costs and fees in this action; and

(c) Grant such other relief as this Court deems appropriate.

Respectfully submitted,

**FOR THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION:**

s/ Edward S. Stokan for

Edward S. Stokan
PA ID No. 46042
John H. Herman, Esq.
PA ID No. 64981
Greg Komain Venbrux
PA I.D. No. 203191
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222-4745
Telephone: (412) 442-4262
Fax: (412) 442-4267
E-mail:   estokan@pa.gov
              joherman@pa.gov
              gvenbrux@pa.gov

Date:  October 29, 2013